WASHINGTON MILL COMPANY *vs.* J. C. KINNEAR.

A sheriff may be compelled to perfect a defective return, but the Court has no power to compel him to alter a return regular upon its face.

If a sheriff make a false return, the party injured thereby, has his action against the sheriff for damage.

Doubtless, to prevent surprise or injustice, the Court, on a proper showing, might stay proceedings, in such case.

ERROR to the Third Judicial District.

Opinion by McFADDEN, Chief Justice.

This cause comes before us on a writ of error to judgment rendered in Third Judicial District.

Suit was brought by J. C. Kinnear, the defendant in error, against Marshall Blinn, *et al.*, trading and doing business under the name and style of the Washington Mill Co., for the purpose of recovering a sum of money alleged to be due the plaintiff, and the only question presented for the consideration of the Court, arises on the service of process and return of sheriff.

The sheriff returned the process into Court with the following endorsement:

"Served the within by delivering a certified copy thereof to each of the defendants, Marshall Blinn, Hill Harmon, and John R. Williamson, in the county of Kitsap, on the 7th and 9th days of July, 1860.

(Signed,)                                    H. W. HOUSBEE,
                                    *Sheriff of Kitsap County.*"

The case being called for trial, Paul K. Hubbs, Esq., attorney for Marshall Blinn, one of the defendants, stated to the Court, that the action had not been commenced according to law, and moved the Court for permission to prove the same by evidence, and that the Court dismiss the complaint.

The return of the sheriff appearing to be regular, the mo-

tion was overruled. This was followed by the filing of an affidavit, by the same party with papers A, B, and C, purporting to be copies of complaint and notice, and moved the Court for a rule upon the sheriff to appear forthwith and answer on oath touching the manner of service on defendant. The affidavit sets forth that the accompanying papers, marked A, B, and C, purporting to be copies of the complaint, were not certified as true copies. It does not appear wherein these papers are not true copies of the complaint, except in the omission in filling up the sheriff's endorsement. There is no allegation in the affidavit or motion, of injustice or surprise.

The overruling of this application presents the only question on which we are called to pass.

When the return of the sheriff is erroneous or informal, we think he is entitled, on his application, to come into Court and amend the same, so as to make it conform to the requirements of the law or the facts, as the case may be.

But the question presented here is: " Can the sheriff, on a return regular as to form, and in conformity with the requirements of law, be brought into Court on compulsory process, compelled to revise, alter, or contradict a return, upon answers or admissions extorted from him under oath? Or is his return, when complete as to form and the requirement of law, to be traversed in the same action?"

We are aware that the common law, and the statute of *joefails*, provide for and aid in amendments, which may be made at different stages in the trial of a cause, but these amendments have the record to be amended by. This principle will furnish the means of amending the execution, or other process, but we know of no practice which will authorize a Court in compelling a sheriff to contradict or vary a return made by him in conformity to the law. If the return be defective, he may be compelled to perfect it, but if the record shows the return to be complete and perfect, the party who desires to traverse it, is required to bring his action against the sheriff, who, on a proper showing, may be compelled to respond in damages for any inju-

ry resulting from a false return.   It is said in 10 Pickering, *C. Cook vs. Seymour*, page 47: "The sheriff and his deputies have great and confidential powers entrusted to them.   Their returns on writs and process are received as true, and are not to be controverted except in an action for a false return, and then the falsity must be proved."   And in 2 Ashmead, *Sawyer vs. Curtis*, page 127: "When the sheriff has returned his writ executed, and he does not ask permission to alter or modify his return, the Court has no power to do it, and cannot compel him to make any alteration in it as to matter of fact. The sheriff is responsible for a false return, to the party injured."   To the same effect: *McBee vs. the State*, 1 Meigs, 122; *Mentiz vs. Hammon*, 5 Wharton, page 150; *Sample vs. Coulson*, 9 Watts and Sargeant, page 62.

We are therefore of the opinion that the Court, in this case, had no power to compel the sheriff to appear and answer in contradiction of his return.

Courts doubtless have the power, where injustice or surprise would result from an alleged false return of the sheriff, to protect a party by staying proceedings, on a proper application, until the question connected with the return is settled.

In this case there was no allegation that the return would work injustice or surprise to the party.

We think the judgment should be affirmed.